UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOSHUA TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SGT. MEA PORTER, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:19-CV-600-JD-MGG |

OPINION AND ORDER

Joshua Taylor, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983. (ECF 8.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

As a preliminary matter, Taylor has filed two motions asking that the case proceed to screening under section 1915A. (ECF 19, 21.) These motions are granted. Taylor's complaint is somewhat difficult to parse, but it can be discerned that he is complaining about events occurring on April 30, 2019, at Miami Correctional Facility. He claims that on that date, he was sitting in a waiting room in the medical unit waiting to see a dentist. Officer Letts (first name unknown) came in and said Sergeant Mea Porter wanted Officer Letts to get a hat from Taylor. Taylor responded that he never had a hat. Officer Seger (first name unknown) was standing nearby and, upon hearing Taylor's statement, drew his taser. Taylor was ordered to lie on the ground, which he did. He was then taken back to his cell, where he pushed the buzzer and asked to see a

lieutenant or captain, because, in his words, "I was scared they were going to hurt me." Officer Torres responded and told Taylor to "just give them the cuffs." As best as can be discerned, Officer Pelphrey (first name unknown) then entered Taylor's cell and "emptied her can" of pepper spray on him. He claims Sergeant Porter was the one who approved this use of force. Officer Seger later wrote Taylor up for some unspecified disciplinary offense as a result of this incident, causing him to lose 90 days of earned-time credits. Based on these events, he sues Officer Pelphrey, Sergeant Porter, and Officer Seger, seeking monetary damages.

The "core requirement" for an Eighth Amendment excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.* While there is no general *respondeat superior* liability under 42 U.S.C. § 1983, supervisors can be held liable when they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019).

Giving Taylor the inferences to which he is entitled at this stage, he alleges a plausible excessive force claim against Officer Pelphrey and Sergeant Porter. Taylor alleges, in effect, that even though he was doing nothing wrong, Officer Pelphrey sprayed him with pepper spray, and that Sergeant Porter approved this use of force. Although further factual development may show that the use of force was not

unreasonable under the circumstances, Taylor alleges enough to proceed past the pleading stage against these defendants.

As for Officer Seger, his alleged involvement occurred in the waiting room when he drew his taser. There is nothing to suggest that Officer Seger used the taser on Taylor or otherwise injured him. Nor is there any indication that Officer Seger was involved in the use of the pepper spray. To the extent Taylor is trying to challenge the disciplinary proceeding initiated by Officer Seger, he cannot do so in this civil rights action, and instead his sole remedy is through habeas corpus. *See* 28 U.S.C. § 2254; *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Officer Seger will be dismissed as a defendant.

For the reasons, the court:

(1) GRANTS the plaintiff's motions for the case to be screened (ECF 19, 21);

(2) GRANTS the plaintiff leave to proceed against Officer Pelphrey (first name unknown) and Sergeant Mea Porter in their personal capacities on a claim for monetary damages for using excessive force against the plaintiff on April 30, 2019, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Officer Seeger as a defendant;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Officer Pelphrey (first name unknown) and Sergeant Mea Porter, and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

3

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Pelphrey (first name unknown) and Sergeant Mea Porter to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 19, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT